IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, | |
| Petitioner, | |
| v. | Case No. 21-cv-00026-NJR |
| SHERIFF RICHARD WATSON, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Shane A. Kitterman is currently incarcerated at St. Clair County Jail, and he brings this *pro se* habeas action pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254 (Doc. 1). Kitterman seeks to challenge his present imprisonment by enforcing the terms of a negotiated plea agreement entered in state court 25 years ago.

In 1996, Kitterman entered into a plea agreement on a charge of aggravated criminal sexual abuse (Doc. 1 at 3). He pled guilty and received 4 years of probation (*Id.* at 94). As a condition of his plea agreement, he had an affirmative duty to register as a sex offender until January 10, 2006. *Id.* Kitterman was later found to have a lifetime registration requirement for being convicted of a felony after July 1, 2011.[1] *Kitterman v. City of Belleville*, 2020 U.S. Dist. LEXIS 26290, at *11 (S. D. Ill., Feb. 14, 2020).

---

[1] *See Court Records Search*, St. Clair St. Clair County Circuit Clerk, https://www.co.st-clair.il.us/Departments/Circuit-Clerk/Courts/Criminal-Records/moduleId/616/defendantRRN/002101845/controller/Demographics/action/Demographics (last visited Feb. 8, 2021). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (noting that a court may judicially notice public records available on government websites).

Currently, Kitterman is a pretrial detainee with pending charges of burglary, disorderly conduct, obstructing justice, possession of a controlled substance in a penal institution, child sex offender in a school zone, and failure to register as a sex offender (Doc. 1 at 2).

Kitterman appears to be contesting only the charges relating to a duty to register as a sex offender. *Id.* at 6-7. Kitterman argues that charging him for his current failure to register as a sex offender breaches the negotiated plea agreement from his 1996 conviction. *Id.* Kitterman further collaterally attacks his 1996 guilty plea on three grounds: his guilty plea was not knowing and voluntary; he is innocent and has "secured proof of" it; and he was deprived of his constitutional rights that led to "this conviction." *Id.* This matter is now before the Court for preliminary review.

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. Because Kitterman alleges that he is being held pending a trial, he does not appear to be "in custody pursuant to a judgment of a State court" within the meaning of § 2254. Accordingly, the petition will be addressed under Kitterman's § 2241 claim.

After carefully reviewing the petition and exhibits in this case, the Court finds that Kitterman is not entitled to relief, and the petition will be dismissed without prejudice. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a

prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court will only intervene with pending state judicial proceedings under "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. Moreover, in the interest of comity between federal and state courts, a habeas petitioner must exhaust his state court remedies before seeking relief in federal court. *Braden*, 410 U.S. at 490-92.

Whether Kitterman was under a duty to register as a sex offender under the present charges is within the purview of the state court and its forthcoming proceedings. Here, there are no special circumstances justifying intervention by this Court. There is no indication that Kitterman claims there is an issue of double jeopardy or an issue of a speedy trial. To the point that Kitterman is pursuing a constitutional issue, the constitutionality of his 1996 plea deal is irrelevant to the present petition, as he has fully served the sentence of probation under that plea deal. He argues no other constitutionality claims that could be granted relief. Moreover, Kitterman is presently detained for more charges than the one he seems to be challenging. Any relief on the contested charge will not resolve his current detention.

In short, the petition presents no colorable claims for this Court to intervene on and does not survive preliminary review. The petition is therefore **DISMISSED without prejudice** under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

If Kitterman wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Kitterman plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Kitterman does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prisoner trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] It is not necessary for Kitterman to obtain a certificate of appealability from this disposition of his § 2254 or § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   February 8, 2021

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(E).